**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Malibu Media, LLC | : | |
| | : | Civil Action No.: 5:15 cv 965 |
| Plaintiff, | : | |
| v. | : | |
| | : | Judge John R. Adams |
| John Doe, subscriber assigned to IP Address 107:9.177.163 | : : | |
| | : | |
| Defendant. | : | |

### JOHN DOE'S MOTION TO QUASH PLAINTIFF'S THIRD-PARTY SUBPOENA

**I.     Introduction**

Plaintiff Malibu Media, LLC's ("Plaintiff") filed its Complaint against an anonymous John Doe in this Court on May 15, 2015, and to date, because Plaintiff does not know the identity of its John Doe, it has been unable to perfect or even attempt service. In an attempt to uncover the defendant's identity, Plaintiff sought to serve a subpoena on a third-party, and requested to do so prior to the Rule 26(f) conference. The same was granted on May 20, 2015 (Doc. 8). A subpoena was then sent to Time Warner on May 27, 2015. John Doe argues herein that this subpoena should be quashed. Plaintiff failed to show necessary good cause to attempt discovery prior to the Rule 26(f) conference and said subpoena places an undue burden on John Doe. While Plaintiff cannot unring its bell, as the subpoena has been sent, John Doe requests that the subpoena sent be quashed as Plaintiff failed to show the necessary good cause per Rule 26 and is unduly burdensome per 45(d)(3).

1

## II. Statement of Facts

Plaintiff has attempted to file a copyright infringement case involving the file transfer technology known as BitTorrent, which allows peer-to-peer file sharing.[1] The focus of the tendered Complaint is that this technology was used to unlawfully reproduce and distribute copyrighted images via the internet. In the instant action, Plaintiff has identified this John Doe ("Doe") as a Defendant by internet protocol ("IP") address listed as 107:9.177.163, which was assigned by Internet provider Time Warner. Plaintiff then sought to expedite discovery and subpoena third-party Time Warner to release information related to that IP address; information that includes the name and address of the subscriber. In doing so, Plaintiff hopes to uncover the identity of its John Doe and serve the same with the previously filed Complaint (Doc. 1). This Motion is filed in response in an attempt to quash the pending subpoena as failing to show good cause and as required per Rule 45.

## III. Law and Argument

### A. Federal Rule of Civil Procedure 26

Rule 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. Rule 26(d) also states that expedited discovery may be conducted prior to the conference when authorized by Order of the court. A district court therefore had discretion to permit discovery prior to a Rule 26(f) conference. *Qwest Communs., Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Within the Sixth Circuit, a finding of good cause is necessary to order authorized expedited discovery. *Tesuco Holdings Ltd. v. Does 1-12*, 2012 WL 6607894, 3, 4 (E.D. Tenn., Dec. 18, 2012). Good cause may be found upon: 1) allegations of copyright infringement, 2) danger that the ISP will not preserve the information

---

[1] *See*, *Patrick Collins, Inc., v. John Does 1-28*, 12-cv-13670 (N.D. Mich. Jan. 29, 2013), providing in-depth explanation of BitTorrent file-sharing.

sought, 3) the narrow scope of the information sought, and 4) the conclusion that expedited discovery would substantially contribute to move the case forward.  *Best v. Mobile Streams, Inc.*, S.D.Ohio No. 1:12-CV-564, 2012 WL 5996222, *1 (Nov. 30, 2012).

Here, Plaintiff cannot show good cause.  Even if Plaintiff were to obtain the information it seeks, the identity of the IP holder does not show if that subscriber is the alleged infringer – therefore, for Plaintiff to say that this John Doe is the party who infringed is disingenuous.  Plaintiff does not know this to be true and is attempting a fishing expedition in an attempt to further it's not so secretive game of attempted settlement.  (*See*, *Malibu Media v. Doe, No. 12-cv-13312*, 2013 WL 5476063, 5-9  (E.D. Mich. Sept. 30, 2013)); stating that "While it is possible that the use of the judicial system was 100% effective as a "tool" in facilitating private settlements, it is much more likely that the Plaintiff is using the system to achieve settlement of claims it has no intention of litigating….These type of claims are generally not expected to go to trial…".)

Here, Plaintiff has not identified a defendant, has not identified if the subscriber to the IP address that it has named infringed on its copyrights and seeks only to harass.  Regarding whether or not there is a danger that the information sought may no longer be obtainable, in Plaintiff's memorandum in support, there has been no conclusive evidence of the same.  Nor has there been any indication that Plaintiff has reached out to the third-party provider prior to filing suit herein seeking that the information be held for a certain amount of time.  Finally, there is no determination that the information sought would move the case forward.  Not only would the identity of the John Doe not further Plaintiff's claims in that it still would not be determined if Plaintiff actually had claim, but it has been noted throughout district courts nationwide that Malibu Media's main objective is not to litigate cases, but to file such claims to "facilitat[e]

private settlements." (While it is possible that this use of the judicial system was 100% effective as a 'tool' in facilitating private settlements, it is much more likely that Plaintiff is using the system to achieve settlement of claims that it has no intention of litigating." *Malibu Media*, *supra* at 7.)

Therefore, John Doe contends herein that necessary good cause lacks to allow Plaintiff to conduct discovery prior to the Rule 26(f) conference and that this Court should deny Plaintiff's Motion for the same filed on May 15, 2015 as Doc. 2 in this matter.

**B.** **Federal Rule of Civil Procedure 45**

On May 20, 2015, this Court granted Plaintiff's May 15, 2015 (Doc. 2) request to serve a Subpoena on a third-party prior to the Rule 26 status conference. At the time, Plaintiff's Motion was unopposed. After receiving notice of said subpoena, John Doe retained counsel and now seeks to quash the same, pursuant to Federal Rule 45(d)(3)(a), which states:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Here, John Doe would contend the Subpoena requested violates Rule 45(d)(3)(a) in that it places John Doe in an undue burden. As already stated herein, the Courts are not strangers to the tactics of Plaintiff, which is to enter into a quick settlement with a possibly innocent John Doe. As stated in *Breaking Glass Pictures v. Does 1-99:*

4

> "Moreover, there are signs that [Malibu Media's] counsel is engaging in this kind of "litigation abuses" that the Malibu Media, LLC decision expressed concerns about, namely that a plaintiff is using the court and the discovery process to "pick off" individual John Does, for confidential settlements," while not being serious about proving its claims. *Malibu Media, LLC v. Doe*, 902 F. Supp. 2d 690 (E.D. Pa. 2012)."

*Breaking Glass Pictures v. Does 1-99,* N.D.Ohio No. 1:13-CV-00804, 2013 WL 5531368, *6 (Sept. 3, 2013);  *report and recommendation adopted*, N.D.Ohio No. 1:13 CV 008042013 WL 5525643 (Oct. 4, 2013).

Similar District Courts have held that such an intentional scheme to intimidate innocent subscribers, or to have an ulterior motive, into settling groundless claims is an abuse of process. *Ladd v. Polidoro*, 675 N.E.2d 382 (1997).  The Plaintiff's goal is not to identify the alleged illegal down-loaders; rather, its goal is to have subscribers who fear that this could become public, harming their reputation or family (due to the nature of downloads as alleged and attached to the pending Complaint), into paying "hush money."

Such a tactic – using a John Doe Complaint and expedited discovery, causing someone to defend a case that may have nothing to do with them, is "unreasonable and oppressive," a pre-1991 standard that is now incorporated into the current requirement that a subpoena is required to be quashed if it "subjects another person to undue burden."  Fed. R. Civ. R. 45(c)(3)(A)(iv).

"The words 'undue burden,' in Rule 45(c)(3)(A)(iv) replace the traditional language of unreasonable and oppressive," however, this change in the language for quashing a subpoena is semantic only, and was not intended to change the existing law." *Quashing or Modifying a Subpoena*, 9A Fed. Prac. & Pro., Civ. §2463.1 (3d ed.).  Plaintiff seemingly alludes to this conclusion on Page 9 of his Motion for Leave and uses the language "annoyance, embarrassment, oppression, or undue burden," to describe a possible John Doe in his proposed order to allow John Doe to proceed anonymously.  (See, Doc. 2; see also, Doc. 2-5). The Court should therefore quash the subpoena, which is being used to oppress and burden innocent IP

subscribers who cannot defend themselves on the merits without publicly linking their names to illegal trafficking of the content as described in the Complaint.

## IV. Conclusion

John Doe respectfully seeks to quash the submitted subpoena on the grounds that Plaintiff filed to show necessary good cause and that it unduly burdens any John Doe in that it could unnecessarily harm the work and personal relationships of an IP subscriber who has not been determined as an alleged violator on the merits.

        Respectfully submitted,
        **MAGUIRE & SCHNEIDER, LLP**

        /s/ Karl H. Schneider
        Karl H. Schneider   (0012881)
        Trina N. Goethals   (0080270)
        1650 Lake Shore Dr. Ste. 150
        Columbus, Ohio  43204
        Telephone:  614.224.1222
        Facsimile:  614.224.1236
        Email: khschneider@ms-lawfirm.com
        tgoethals@ms-lawfirm.com
        *Attorneys for John Doe*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion was served to counsel herein via this Court's electronic mailing system on this date of July 2, 2015 and sent by regular U.S. mail postage prepaid to the following to the address as stated below:

Yousef M. Faroniya
84 South Fourth St.
Columbus, Ohio  43215

        /s/ Karl H. Schneider
        Karl H. Schneider   (0012881)